# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45223

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2018 Unpublished Opinion No. 356 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: February 14, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| CRAIG JOSEPH GETZLOFF, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction and aggregate unified sentence of fifty-four years, with a minimum period of confinement of eight years, for three counts of burglary and two counts of grand theft, <u>affirmed</u>; order denying Idaho Criminal Rule 35 motion for reduction of sentences, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

Before GRATTON, Chief Judge; GUTIERREZ, Judge;
and HUSKEY, Judge

_____

PER CURIAM

Craig Joseph Getzloff pled guilty to three counts of burglary, Idaho Code § 18-1401, and two counts of grand theft, I.C. §§ 18-2403(1), 18-2407(1)(b), and 18-2409. In exchange for his guilty plea, additional charges were dismissed. The district court imposed an aggregate unified sentence of fifty-four years, with a minimum period of confinement of eight years, as follows: ten years, with a minimum period of confinement of eight years, for Count I (burglary); fourteen years indeterminate for Count II (grand theft), to run consecutive to the sentence in Count I; ten

years indeterminate for Count V (burglary), to run consecutive to the sentence in Count II; ten years indeterminate for Count VII (burglary), to run consecutive to the sentence in Count V; and ten years indeterminate for Count VIII (grand theft), to run consecutive to the sentence in Count VII. Getzloff filed an Idaho Criminal Rule 35 motion, which the district court denied. Getzloff appeals.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion.

Next, we review whether the district court erred in denying Getzloff's Rule 35 motion. A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987); *Lopez*, 106 Idaho at 449-51, 680 P.2d at 871-73. Upon review of the record, we conclude no abuse of discretion has been shown.

Therefore, Getzloff's judgment of conviction and sentences and the district court's order denying Getzloff's Rule 35 motion are affirmed.